UNION SECURITY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22550.   Promulgated July 24, 1929.

*Marshall Solberg, Esq.,* and *Jonathan Cook, Esq.,* for the petitioner.

*Arthur Carnduff, Esq.,* for the respondent.

OPINION.

SIEFKIN: The petitioner contends that it is entitled to set up on its books a liability on account of installment payments made to it by customers purchasing stock, such customers having, for one reason or another, failed to carry out the contract of purchase. The respondent, on the other hand, contends that the amount so added to the account during the year in question constituted income to the petitioner unless or until it was determined that the petitioner would have to repay the money to the customer.

The application for shares of stock signed by the customer makes no provision for forfeiture of the amounts paid and an officer of the petitioner testified that it was the company's consistent policy to return to customers the amount paid if demand was made for it or to make some sort of an adjustment on account of it. He testified, however, that in the usual case this adjustment was made before the items ever reached the suspense account and that the items in that account were held pending settlement at some future time. We are without detailed information or any sufficiently accurate information showing the experience of the petitioner as to the portion of the suspense items paid back to the customers. The situation in that respect is far different from that considered by the Court of Claims in *Alpha Portland Cement Co.* v. *United States*, 67 Ct. Cls. 680, where that court held that the taxpayer might set up a "returned bag liability" on account of cement bags which might be redeemed. In that case the corporation had detailed information showing the percentage of bags redeemed and the Court of Claims permitted that percentage of the returned bag lia-

bility to be excluded from income. In this proceeding we have no guide by which we can say that any portion of the amount added to the suspense account would ever be returned to the customers. It follows that the Commissioner properly added the amount to the petitioner's income during the year 1922. See *Hanff-Metzger, Inc.*, 4 B. T. A. 1214.

*Judgment will be entered for the respondent.*